UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY ANDREW ROODENBURG,

                        Plaintiff,

            -v-                          5:23-CV-963

PAUL SANDY, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

TIMOTHY ANDREW ROODENBURG
Plaintiff, *pro se*
P.O. Box 173
DeRuyter, NY 13052

BARGNESI BRITT PLLC              JASON T. BRITT, ESQ.
Attorneys for Jay A. Supnick     JULIE M. BARGNESI, ESQ.
350 Main Street, Suite 1105
Buffalo, NY 14202

GOLDBERG SEGALLA LLP             DAVID E. LEACH, ESQ.
Attorneys for Remaining Defendants
5786 Widewaters Parkway
Syracuse, NY 13214

DAVID N. HURD
United States District Judge

<u>**DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

On August 8, 2023, plaintiff Timothy Andrew Roodenburg ("Roodenburg" or "plaintiff"), acting *pro se*, filed a complaint against City of Cortland Police ("Cortland Police") Chief Paul Sandy, Cortland Police Lieutenant Cheyenne Cute, Cortland Deputy Police Chief David Guerrera, Cortland Police Commission Chairman Jim Sponaugle, Cortland Police Commission Membes Trish Hansen, Liz Starr, Cheryl Michales, and Michael Whitlock, Cortland Common Council Members Wayne Schutt II, Kathryn Silliman, Mary Clare Pennello, Patricia Lane, Seth Thompson, Bill Carpenter, Cortland Police Psychiatrist Thomas Michales , and the City of Cortland (collectively the "defendants")  pursuant to 42 U.S.C. § 1983.  Dkt.  No. 1.  Plaintiff's one-count complaint alleges that defendants deprived him of his constitutional right to due process.[1]  *Id.*  While not specified as a cause of action, plaintiff has also alleged termination on the grounds that he was discriminated against when he was terminated for having mental health issues.  On December 15, 2023, plaintiff moved for leave to amend his complaint.  Dkt.

---

[1]   While not specified as a cause of action, plaintiff has also alleged termination on the grounds that he was discriminated against when he was terminated for having mental health issues.  *Infra.*

No. 52.  That motion was granted.[2]  Dkt. No. 53.  Roodenburg filed this amended complaint on July 16, 2024.  Dkt. No. 63.

On July 26, 2024, all defendants except for Police Psychiatrist Jay A. Supnick ("Supnick" or "defendant") answered the amended complaint and filed a counterclaim.  Dkt. No. 67.  Supnick has since moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 8[3] or, in the alternative, Rule 12(e).  Dkt. No. 78-5.  The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.  Dkt. Nos. 63, 78-5, 81, 86, 90.

## II.  BACKGROUND

This case arises from plaintiff's employment as a police officer with the Cortland Police.  On December 5, 2021, plaintiff received a conditional offer of employment to work as a police officer for the Cortland Police.  Am. Compl. ¶ 5.  One condition of plaintiff's employment was completing an 18-month probationary period.  *Id.*  Another was the passage of both a medical and

---

[2]  The purpose of plaintiff's motion was to replace named defendant Cortland Police Psychiatrist with Police Psychiatrist Jay A. Supnick, Ph.D., ABPP.  Dkt. No. 52.

[3]  Supnick's motion to dismiss makes no mention of Rule 12(b)(6).  *See generally* Def's Mem.  Rather, it argues that plaintiff has failed to satisfy Rule 8(b) because his complaint "fails to identify any action taken by Dr. Supnick under color of law that deprived Mr. Roodenburg of a right, privilege, or immunity actionable under 42 U.S.C. § 1983.  However, while Rule 8 indeed governs the pleading requirements, Rule 12(b)(6) is the appropriate legal basis for challenging a complaint's failure to state a claim upon which relief can be granted.  *See e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Supnick's motion will be properly construed as having been brought under Rule 12(b)(6).

psychological examination.  *Id.*  In the midst of this probationary period, plaintiff completed the medical exam and was scheduled to take a psychological exam at a Cortland County personnel office.  *Id.*

The sequencing of the events in plaintiff's amended complaint is confusing and, at times, difficult to decipher.[4]  Nevertheless, the Court understands the general facts underlying plaintiff's claim, and they are broadly construed as follows.  In January of 2022, shortly after the start of his probationary period with the Cortland Police, Roodenberg alleges he went to a Cortland County personnel office to complete the requisite psychological exam. Am. Compl. ¶ 5.  Plaintiff alleges that two hours into his psychological exam, the personnel officer conducting the exam received a call from Cortland Police Chief Paul Sandy ("Sandy").[5]  *Id.*  Sandy requested the psychological examination be terminated because: (1) plaintiff had already completed a psychological examination for a previous job;[6] and (2) Sandy was concerned that failing the exam would jeopardize plaintiff's hopes of employment at Cortland.[7]  *Id.*

---

[4]  Plaintiff alleges Sandy wrote a letter to the New York State Department of Criminal Justice on June 14, 2022 supporting the dismissal of plaintiff for two incidents of misconduct.

[5]  It appears this exam was conducted in January 2022.  Am. Compl. ¶ 5.

[6]  Plaintiff alleges that, at some point prior to receiving his conditional offer of employment from Cortland Police, he was previously employed by the Village of Homer Police Department.  Am. Compl. ¶ 5.

[7]  Namely, it is unclear why Sandy held reservations about plaintiff as of January 2022, and whether those concerns pertained to off-duty conduct related to plaintiff in his previous employment, off duty conduct subsequent to being hired by Cortland Police, or both.  Am. Compl. ¶ 3

Plaintiff claims that he was unaware that Sandy held any prior concerns about the outcome of his psychological examination. *Id*.

Thereafter, on June 11, 2022, plaintiff alleges that Sandy conversation he had with Supnick regarding two misconduct incidents involving plaintiff.[8]  It is entirely unclear from plaintiff's complaint what led to this conversation between Sandy and Supnick.  Nevertheles, plaintiff alleges that Supinck[9] proceeded to review these misconduct incidents involving plaintiff and thereafter supported terminating plaintiff, finding his conduct to be "disrespectful to the badge." *Id*.  Plaintiff alleges Supinck told Sandy that, so long as Roodenberg was employed by Cortland Police, he would continue to be a disciplinary problem. *Id*.

On June 14, 2022, plaintiff claims Sandy wrote a letter to the New York State Department of Criminal Justice regarding Roodenberg.[10]  Plaintiff

---

[8]  Plaintiff alleges this conversation between Sandy and Supnick took place on May 11, 2022. Am. Compl. ¶ 5.  It would appear that this related to events that occurred after his probationary employment began.

[9]  Based on a review of the record, and as best as this Court can infer, these incidents of misconducted occurred *during* plaintiff's probationary period with the Cortland Police but *after* his aborted psychological examination. *See* Am. Compl. ¶¶ 6–8.  Specifically, the first misconduct incident took place on February 28, 2022, while the second occurred on April 20, 2022. *Id*.  One involved alleged driving while intoxicated while the other involved a public disturbance at a local restaurant. *Id*.

[10]  Having reviewed plaintiff's amended complaint, it appears that plaintiff is alleging that Sandy cited Supnick's conclusions regarding plaintiff's fitness for employment in this letter and that this letter served as a recommendation for plaintiff's termination from the Cortland Police. *See generally* Am. Compl.  However, this is never explicitly stated.

argues that Supnick engaged in "misconduct" by providing a medical and/or psychological evaluation of plaintiff to Sandy regarding plaintiff's mental status without ever personally engaging or interacting with plaintiff.  Am. Compl. ¶ 5.

### III.  <u>LEGAL STANDARD</u>

### A.  <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken.  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## B. **Rule 12(e)**

A motion for a more definite statement may be granted where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). Motions pursuant to Rule 12(e) are not favored and are appropriately granted where "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (internal quotation marks and citation omitted). "The purpose of the complaint is to 'inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose.'" *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (quoting *Bower*, 639 F. Supp. at 538).

Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd 23 F.3d 398 (2d Cir. 1994) (citations omitted). Therefore, a motion for a more definite statement should be granted only if the complaint is missing a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

## IV.  **DISCUSSION**

At the outset, the Court notes that Roodenburg's amended complaint only expressly asserts a claim against Supnik for violations of his procedural due process rights.  *See generally* Am. Compl.  However, a review of the pleading and the allegations therein reveals a second claim for employment discrimination.  Plaintiff alleges that, in addition to denying him his due process by providing an assessment of his mental health to his employer without personally screening him, that Supnik also discriminated against him in the context of his employment on the basis of his mental health.  Am. Compl.  ¶6.  Thus, in light of Roodenburg's *pro se* status, the Court will construe the amended complaint to assert two claims against Supnick: (1) violations of plaintiff's due process rights pursuant to the Fourteenth Amendment; and (2) unlawful employment discrimination pursuant to the Americans with Disabilities Act (the "ADA").  Am. Compl. ¶ 5.

Supnick has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a plausible claim for which relief could be granted or, in the alternative, pursuant to 12(e) for an order directing plaintiff to make a more definite statement in order to permit defendant to respond.  Def.'s Mem, Dkt. No. 78-5 at 4–5.  These arguments will be addressed in turn.

### A.  Procedural Due Process

42 U.S.C. § 1983 provides in relevant part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subject . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights," but instead provides "a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Barker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).

To prevail on a Fourteenth Amendment procedural due process claim at this posture, a plaintiff must plausibly allege that they "possessed a protected liberty or property interest, and that he was deprived of that interest without due process."  *McMenemy v. City of Rochester*, 241 F.3d 279 (2d Cir. 2001) (quoting *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998) (per curiam), *cert. denied*, 525 U.S. 907 (1998).

Procedural due process requirements "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Flood v. Cty. of Suffolk,* 820 F.Supp. 709, 712 (E.D.N.Y. May 14, 1993) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)).  "Property interests are determined and created by state laws that 'secure

certain benefits and that support claims of entitlement to those benefits.'" *Id.*
(quoting *Roth* at 577). "In the employment context, a property interest arises
only where the state is barred, whether by statute or contract, from
terminating (or not renewing) the employment relationship *without* cause."
*Id.* (quoting *S & D Maintenance Co., Inc v. Goldin*, 844 F.2d 962, 967 (2d Cir.
1988)).

Plaintiff asserts that Supnick deprived him of procedural due process
rights under the Fourteenth Amendment when, without any professional
interaction with plaintiff, he: (1) provided Sandy with a medical evaluation as
to plaintiff's mental state; and (2) recommended termination of plaintiff's
employment.[11]  Am. Compl. ¶ 5; Roodenburg Aff., Dkt. No. 90, ¶ 4.  Supnick,
in opposition, argues that plaintiff fails to identify any action taken by
defendant under the color of state law that deprived him of any protected
right or deprived him of due process.  Def's Mem. at 3.

Upon review, Supnick's motion to dismiss will be granted.  As a threshold
matter, plaintiff has failed to allege the possession of any protected liberty or
property interest which he was subsequently deprived of.  There is no factual
dispute that plaintiff was a probationary hire subject to an 18-month period
of contingent employment.  Am. Compl. ¶¶4–5; Def's Mem. at 1.  Thus, the

---

[11]  To be clear, plaintiff failed to specify what legally cognizable due process right he was denied
in his complaint but clarified that it was a denial of due process pursuant to the Fourteenth
Amendment in a subsequent reply brief.  Roodenburg Aff., Dkt. No. 90, ¶ 4.

fact that plaintiff was terminated without first having a professional interaction with Supnick, absent more, does not constitute the denial of a due process right because plaintiff does not have a cognizable property interest in his probationary employment with the Cortland Police.

Therefore, Roodenburg has not identified the deprivation of a constitutional right.  Accordingly, plaintiff's § 1983 claim against Supnick will be dismissed.

## B.  Employment Discrimination

Next, turning to plaintiff's discrimination claim.[12]  The ADA was established to ensure that "individuals are able to obtain and maintain employment without regard to whether they have a disability." *See e.g., McMillan v. City of N.Y.*, 711 F.3d 120, 122 (2d Cir. 2013).  In order for a disability discrimination claim to survive a motion to dismiss, a plaintiff must plausibly allege that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations; and (4) he suffered adverse employment action because of

---

[12]  As stated *supra*, plaintiff did not specify discrimination as a cause of action in his amended complaint.  However, plaintiff stated in the body of his complaint that "Timothy Roodenburg was discriminated against when Timothy Roodenburg was terminated from job on the basis[sic] of mental health."  Am. Compl. ¶ 5.  It is unclear whether this was directed at Sandy, Supnick, or an otherwise unspecified party.  However, because plaintiff is *pro se*, his complaint "must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

his disability." *Id.* at 125 (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

Roodenburg alleges that he was terminated from his job on the basis of his mental health.  Am. Compl. ¶ 5.  As discussed, plaintiff does not overtly assert this cause of action in his amended complaint.  In addition, he has failed to plausibly allege that: (1) that any of the defendants are subject to the ADA; (2) that he was disabled within the meaning of the ADA; (3) that he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations; and (4) that the adverse employment action he suffered was the result of his disability.  Accordingly, this claim, insofar as plaintiff intended to bring it, will be dismissed.

## V.  **CONCLUSION**

Plaintiff has not alleged sufficient facts to support a plausible inference that he was denied any constitutional due process rights by Supnick.  The undisputed fact that plaintiff was a probationary employee makes clear that he likely had no cognizable property interest in his employment.  Further, plaintiff has failed to plausibly allege an employment discrimination claim against Supnick.

Therefore, it is

ORDERED that

1.  Defendant's motion to dismiss is GRANTED as to plaintiff's Section 1983 claim for deprivation of a constitutional right to due process and plaintiff's employment discrimination claim;

2.  Plaintiff's amended complaint is DISMISSED without prejudice as to defendant Supnick;

3.  Plaintiff shall have thirty (30) days from the entry of this Order to file a Second Amended Complaint as to defendant Supnick;

4.  If Plaintiff fails to file a Second Amended Complaint as to defendant Supnick within thirty (30) days of the entry of this Order, his complaint shall be DISMISSED with prejudice as to defendant Supnick; and

5.  If Plaintiff fails to file a Second Amended Complaint within thirty (30) days, the Clerk of the Court is directed to enter a judgment dismissing this action as to Supnick and terminating Supnick as a party without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  April 2, 2025
        Utica, New York.